McGREGOR W. SCOTT
United States Attorney
SHEA J. KENNY
AMY S. HITCHCOCK
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:19-cr-00119 JAM |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE:      JUNE 9, 2020<br>TIME:      9:15 A.M. |
| JOHN MAASEN, | COURT:   Hon. JOHN A. MENDEZ |
| Defendant. | |

## I.    INTRODUCTION

### A.    Scope of Agreement.

The superseding information in this case charges the defendant with violation of 18 U.S.C.

§ 2252(a)(4) – Possession of Child Pornography.  This document contains the complete plea agreement

between the United States Attorney's Office for the Eastern District of California (the "government")

and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's

Office for the Eastern District of California and cannot bind any other federal, state, or local

prosecuting, administrative, or regulatory authorities.

### B.    Court Not a Party.

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the

discretion of the Court, and the Court may take into consideration any and all facts and circumstances

PLEA AGREEMENT                                        1

1  concerning the criminal activities of defendant, including activities which may not have been charged in

2  the superseding information.  The Court is under no obligation to accept any recommendations made by

3  the government, and the Court may in its discretion impose any sentence it deems appropriate up to and

4  including the statutory maximum stated in this plea agreement.

5         If the Court should impose any sentence up to the maximum established by the statute, the

6  defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all

7  of the obligations under this plea agreement.  The defendant understands that neither the prosecutor,

8  defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will

9  receive.

10                  **II.**       **DEFENDANT'S OBLIGATIONS**

11      **A.**    **Guilty Plea.**

12         The defendant will plead guilty to the sole count in the superseding information, Possession of

13  Child Pornography, in violation of 18 U.S.C. § 2252(a)(4).  The defendant agrees that he is in fact guilty

14  of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are

15  accurate.

16         The defendant agrees that this plea agreement will be filed with the Court and become a part of

17  the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his

18  plea(s) should the Court not follow the government's sentencing recommendations.

19         The defendant agrees that the statements made by him in signing this Agreement, including the

20  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by

21  the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a

22  guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f)

23  and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this

24  Agreement generally.

25             1.     Waiver of Indictment:

26         The defendant acknowledges that under the United States Constitution he is entitled to be

27  indicted by a grand jury on the charges to which he is pleading guilty and that pursuant to Fed.R.Crim.P.

28  7(b) he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges

set forth in the information.  The defendant agrees that at a time set by the Court, he will sign a written

waiver of prosecution by Indictment and consent to proceed by Information rather than by Indictment.

**B.**   **Restitution.**

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of

certain offenses.  Defendant agrees that his conduct is governed by the Mandatory Restitution Act

pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims

affected by this offense.

The defendant further agrees that his conduct is governed by 18 U.S.C. § 2259, which requires

the Court to order restitution for certain offenses.  The defendant acknowledges that, pursuant to 18

U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims'

compensable losses as defined by 18 U.S.C. § 2259(b)(3) and (c), and as may be proved by the United

States or stipulated to by the parties.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part

of such obligation in any bankruptcy proceeding.  Restitution payments shall be by cashier's or certified

check made payable to the Clerk of the Court.

**C.**   **Fine.**

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a

fine, and that no fine should be imposed.  The defendant understands that it is his burden to affirmatively

prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury

to the Probation Officer and the government in advance of the issuance of the draft Presentence

Investigation Report, along with supporting documentation.  The government retains the right to oppose

the waiver of a fine.  If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered

by the Court, up to the statutory maximum fine for the defendant's offense.

**D.**   **Special Assessment.**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering

a check or money order payable to the United States District Court to the United States Probation Office

immediately before the sentencing hearing.  The defendant understands that this plea agreement is

voidable at the option of the government if he fails to pay the assessment prior to that hearing.  If the

defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

The defendant further understands and agrees that, pursuant to 18 U.S.C. § 3014, if the Court finds that the defendant is non-indigent, the Court shall assess an additional mandatory special assessment of $5,000. In accordance with 18 U.S.C. § 3014, this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim compensation arising from the criminal conviction(s) on which the special assessment is based. The defendant reserves the right to argue to Probation and at sentencing that he is indigent, and the government retains the right to argue that the defendant is non-indigent.

### E.  Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be

PLEA AGREEMENT                                    4

commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.  The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

F.     **Asset Disclosure.**

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation.  The defendant also agrees to have the Court enter an order to that effect.  The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above, above.

III.     **THE GOVERNMENT'S OBLIGATIONS**

A.     **Dismissals/Other Charges.**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending indictment.  The government also agrees not to reinstate any dismissed

1  count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation

2  of Plea Agreement by Defendant/Withdrawal of Plea(s)), VI.B (Stipulations Affecting Guideline

3  Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

4         **B.**    **Acceptance of Responsibility.**

5         The government will recommend a two-level reduction (if the offense level is less than 16) or a

6  three-level reduction (if the offense level reaches 16) in the computation of his offense level if the

7  defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. §

8  3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of

9  the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging

10  in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the

11  preparation of the pre-sentence report or during the sentencing proceeding.

12         **C.**    **Use of Information for Sentencing.**

13         The government is free to provide full and accurate information to the Court and Probation,

14  including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate

15  statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also

16  understands and agrees that nothing in this Plea Agreement bars the government from defending on

17  appeal or collateral review any sentence that the Court may impose.

18         **IV.**      **ELEMENTS OF THE OFFENSE**

19         At a trial, the government would have to prove beyond a reasonable doubt the following

20  elements of the offense(s) to which the defendant is pleading guilty, Possession of Child Pornography,

21  in violation of 18 U.S.C. § 2252(a)(4):

22         First, the defendant knowingly possessed one or more matters that the defendant knew contained

23  a visual depiction of minors engaged in sexually explicit conduct;

24         Second, the defendant knew the visual depictions were of minors engaged in sexually explicit

25  conduct;

26         Third, the defendant knew that production of such visual depictions involved use of minors in

27  sexually explicit conduct; and

28         Fourth, that each visual depiction had been mailed, shipped, or transported in interstate or

foreign commerce by any means including by computer or produced using material that had been mailed, shipped, or transported in interstate or foreign commerce by any means including by computer.

The defendant fully understands the nature and elements of the crimes charged in the superseding information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.     MAXIMUM SENTENCE

### A.     Maximum Penalty.

The maximum sentence that the Court can impose is 20 years of incarceration, a fine of $250,000, a lifetime period of supervised release and a special assessment of $100 if the Court finds the defendant is indigent, or special assessments in the amounts of $100 and $5,000, for a total of $5,100 if the Court finds the defendant is non-indigent.  The conviction carries a mandatory minimum sentence of 10 years incarceration and 5 years supervised release.

By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct.  The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty.  The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.     Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 2 additional years imprisonment.  Certain violations of supervised release by a person required to register as a sex offender can result in revocation and require the defendant to serve not less than 5 additional years of imprisonment.

## VI.     SENTENCING DETERMINATION

### A.     Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

Sentencing Guidelines and must take them into account when determining a final sentence. The

defendant further understands that the Court will consider whether there is a basis for departure from the

guideline sentencing range (either above or below the guideline sentencing range) because there exists

an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

consideration by the Sentencing Commission in formulating the Guidelines. The defendant further

understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

      **B.**    **Stipulations Affecting Guideline Calculation.**

      The government and the defendant agree there is no material dispute as to the following

sentencing guidelines variables and therefore stipulate or estimate to the following:

    1.   <u>Base Offense Level</u>:   **18** (Pursuant to U.S.S.G. § 2G2.2(a)(1)

    2.   <u>Specific Offense Characteristics</u>:

        a.   **+2** (For material involving a prepubescent minor or a minor who had not attained the age of 12 years, pursuant to U.S.S.G. § 2G2.2(b)(2))

        b.   **+4** (For material that portrays sadistic or masochistic conduct or other depictions of violence, or sexual abuse or exploitation of an infant or toddler, pursuant to U.S.S.G. § 2G2.2(b)(4))

        c.   **+2** (For use of a computer or an interactive computer service, pursuant to U.S.S.G. § 2G2.2(b)(6))

        d.   **+5** (Because the offense involved 600 or more images, pursuant to U.S.S.G. § 2G2.2(b)(7)(D))

    3.   <u>Chapter Three Adjustments</u>:

        a.   **+2/0** (Because the defendant knew or should have known that a victim of the offense was a vulnerable victim, pursuant to U.S.S.G. § 3A1.1(b)(1)). The defendant is permitted to argue that a 2-level adjustment for vulnerable victim under U.S.S.G. § 3A1.1(b)(1) is not applicable. The United States may oppose such argument and argue that the adjustment should apply.

    4.   <u>Acceptance of Responsibility</u>: See paragraph III.B.2 above.

    5.   <u>Application of Statutorily Required Minimum Sentence</u>: The parties agree and therefore stipulate that there is a statutorily required minimum sentence of 10 years pursuant to 18 U.S.C. § 2252(b)(2). If the statutorily required minimum sentence of 10 years is greater than the maximum of the applicable guideline range, as determined by the Court, the guideline sentence is 10 years, pursuant to U.S.S.G. § 5G1.1.

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a).  The government is not obligated to recommend any specific sentence.

## VII.    <u>WAIVERS</u>

### A.    <u>Waiver of Constitutional Rights.</u>

The defendant understands that by pleading guilty he is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.    <u>Waiver of Appeal and Collateral Attack.</u>

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence.  The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which he is pleading guilty.  The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty.  The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any

PLEA AGREEMENT                                          9

1    aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

2          Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever

3    attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any

4    of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E

5    herein.

6          **C.    Waiver of Attorneys' Fees and Costs.**

7          The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

8    119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

9    investigation and prosecution of all charges in the above-captioned matter and of any related allegations

10   (including without limitation any charges to be dismissed pursuant to this plea agreement and any

11   charges previously dismissed).

12         **D.    Impact of Plea on Defendant's Immigration Status.**

13         Defendant recognizes that pleading guilty may have consequences with respect to his

14   immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes

15   are removable offenses, including offense(s) to which the defendant is pleading guilty.  The defendant

16   and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an

17   aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC §

18   1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings

19   to avoid or delay removal, it is virtually certain that defendant will be removed.  Removal and other

20   immigration consequences are the subject of a separate proceeding, however, and defendant understands

21   that no one, including his attorney or the district court, can predict to a certainty the effect of his

22   conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

23   regardless of any immigration consequences that his plea may entail, even if the consequence is his

24   automatic removal from the United States.

25         **E.    Sex Offender Registration.**

26         Defendant understands that by pleading guilty, defendant will be required to register as a sex

27   offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §

28   3583(d).  Defendant also understands that independent of supervised release, he will be subject to

PLEA AGREEMENT                          10

federal and state sex offender registration requirements, and that those requirements may apply throughout his life.  The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.  Defendant shall comply with requirements to periodically verify in person his sex offender registration information.  Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.  If he resides in California following release from prison, he will be subject to the registration requirements of California Penal Code Section 290.  Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.  As a condition of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.  Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## VIII.    ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# IX.   APPROVALS AND SIGNATURES

## A.   Defense Counsel.

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:   6/2/2020

/s/ Lexi Negin
_____
LEXI NEGIN
Attorney for Defendant


## B.   Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated:   6/2/2020

/s/ John Maasen
_____
JOHN MAASEN
Defendant


## C.   Attorney for United States:

I accept and agree to this plea agreement on behalf of the government.

Dated:   6/2/2020

McGREGOR W. SCOTT
United States Attorney

_____
SHEA J. KENNY
Assistant United States Attorney

EXHIBIT "A"

Factual Basis for Plea(s)

On January 16, 2019, law enforcement officers executed a search at John MAASEN's residence in Olivehurst, in the State and Eastern District of California.  During the search, law enforcement seized MAASEN's personal Lenovo desktop computer from MAASEN's bedroom.  A forensic review of the computer identified at least 1,178 images and 5 videos depicting child pornography on MAASEN's device.

The child pornography files recovered from MAASEN's computer include the following file recovered from the "Downloads" folder:

- A video depicting a pre-pubescent female on her hands and knees on a bed wearing a white two-piece swimsuit.  An adult male is standing next to the bed and is naked below the waist.  The adult male's penis is erect and is inserted into the genital area of the minor female, and the swimsuit bottoms appear to be moved to the side.  A second pre-pubescent minor female can be seen throughout the video and is naked. At one point, the video jumps to the minor female lying on her back, legs spread, and the adult male penis is inserted into her genital area.

The forensic review also found file sharing software that allows individuals to share files across the internet with other users.  MAASEN's browser history on the computer revealed that he had visited a number of logged URLs related to potential child pornography.  The desktop computer also had shortcut files with file names indicative of child pornography.  A review of the most recent videos played within the video utility play "VLC" on the computer revealed that 4 of the last 12 videos played had file names consistent with child pornography.

On January 17, 2019, MAASEN was interviewed by law enforcement.  In this interview, MAASEN admitted that he downloaded and viewed child pornography on his Lenovo desktop using file-sharing torrents such as BitTorrent, and that law enforcement would find items of child pornography on the computer.  MAASEN told law enforcement that he would download and view child pornography in a cyclical manner.  That is, typically he would download and view child pornography for a month or two, and then would delete the files.  Later, he would again download and view child pornography, and then would again delete the files.

MAASEN's computer had an "eraser" program which is used to eliminate the remnants of files in the recycle bin, so as to permanently delete files that were moved to the recycle bin.  Many of the child pornography images were found in the recycle bin.  Further, during the forensic review, many of the child pornography images were found in "carved" files, meaning that they were on the computer at one point but were then "deleted" by MAASEN.

MAASEN has a prior state conviction for committing lewd and lascivious acts with a minor under 16, in violation of California Penal Code Section 288(a).

*I have reviewed the entire factual basis in Exhibit A above and, as far as my own conduct is concerned, I adopt it as my own true statement.*

Dated:  6/2/2020

/s/ John Maasen
_____
JOHN MAASEN
Defendant

PLEA AGREEMENT

A-1