HEATHER E. WILLIAMS, #122664
Federal Defender
LEXI NEGIN, #250376
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700

Attorney for Defendant
JOHN MAASEN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JOHN MAASEN, <br> Defendant. | Case No. 2:19-cr-119-JAM <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** <br><br> Dates: September 29, 2020 <br> Time: 9:15 a.m. <br> Judge: Hon. John A. Mendez |

Mr. John Maasen, by and through undersigned counsel, respectfully requests that the Court sentence him to 10 years in prison which represents the mandatory minimum sentence required, to be followed by a 5 year term of supervised release. A ten-year sentence reflects a mandatory minimum that is higher than the sentencing guidelines calculations of 78-97 months. Additionally, the 18 U.S.C. §3553(a) factors reflect that a sentence of 10 years is sufficient, and arguably greater than necessary to achieve sentencing goals, and thus the mandatory minimum sentence is appropriate.

**HISTORY AND CHARACTERISTICS OF JOHN MAASEN**

Mr. Maasen, who is now 65 years old, was subjected to horrific child sexual abuse at the hands of his father. That abuse was detailed in documentation of his commitment as a "mentally disordered sex offender" for 4 years at Atascadero State Prison when he was only 18 years old. Mr. Maasen in his teens was committing acts of indecent exposure that culminated in a criminal charge that involved a young minor and that got him committed to state prison for 4 years at age 18. Details of that offense are included in Exhibit A. It is that 46 year old prior conviction in

Sentencing Memorandum                              -1-

1974 the results in the current offense of possession of child pornography having a mandatory minimum of 10 years.

As the Court can see from the attached report by psychiatrist Barbara McDermott, the "treatment" he received during his four years at Atascadero likely did more harm than good. Exhibit A. Physically and emotionally immature, likely gay, and only 18 years old, Mr. Maasen was thrown into a sex offender program with adult males of all ages. It appears that the focus of treatment for Mr. Maasen was akin to conversion therapy to force him to be straight. Dr. McDermott's report about Mr. Maasen's "treatment" at Atascadero reads more like a horror story and concludes that the treatment he received would not have been that which is effective to rehabilitate a young sex offender. In short, he did not actually have the benefit of treatment that would have helped him cope with the issues of his abuse, or his conduct.

Not surprisingly, after his stay in Atascadero and the lack of treatment that would be effective, Mr. Maasen committed further indecent exposure crimes and was sentenced to prison in 1990 and released in 1991. He successfully completed parole in 1994.

Since his release from prison in 1991, Mr. Maasen has worked full time and has not been arrested. His life has been an unremarkable, generally law-abiding one. He registered as a sex offender in the places he worked and lived, and he no longer committed acts of indecent exposure or any crimes outside his home. This offense demonstrates that he has been drawn to internet pornography and child pornography in recent years. He describes his own behavior as cyclical and the forensic examination bears that out. *See* Exhibit B, Declaration of Art Hively. It is apparent from the examination of his computer that his behavior has been limited to obtaining images and videos via peer-to-peer file sharing. Unusually for a defendant who is possessing child pornography, he did not have a "collection" of child pornography on his devices, nor is there any evidence he communicated with others in this milieu in any manner. There is no evidence of his indecent exposure type behavior returning, nor is there any evidence that his conduct was escalating in any way. It appears by all of the evidence that his behavior was limited to viewing/ possessing pre-existing child pornography online[1].

---

[1] Peer-to-Peer file sharing "distributes" files by default, and did to Agents here, but there is no evidence he distributed beyond that which is done by the peer-to-peer program.

Sentencing Memorandum                                -2-

Mr. Maasen's devices speak to his remorse for his own actions and his personal struggle with this material. For example, the media player shows that child pornography videos were viewed in between viewing materials with religious messages. His computer was used for all manner of things, including his participation in his religion. His computer bears out a pattern of receiving child pornography via the internet and then deleting it.

**NATURE OF THE OFFENSE**

The facts of this case demonstrate that Mr. Maasen viewed and obtained child pornography via peer-to-peer file sharing programs or the internet. He did not possess a child pornography collection. Rather, all but two child pornography videos on Mr. Maasen's computer were in the recycle bin, the cache or unallocated space. In other words, Mr. Maasen had intentionally stored only two videos on his "active" space on the computer.

The PSR at paragraph 8 describes materials that had been deleted by Mr. Maasen (and thus were in the recycle bin) that are more extreme in nature. The fact that these materials were deleted suggests that they are NOT the types of materials Mr. Maasen desired or intended to keep. As this Court is most likely aware, the peer-to-peer filing sharing method of obtaining child pornography means that the user will receive multiple files at a time and cannot necessarily control the content of those files. Once received, the user can save, or delete the materials. It is apparent from the examination of Mr. Maasen's computer that the 35 images that were designated by agents as being "extreme" in nature had been deleted by Mr. Maasen. There is no evidence he particularly sought out or kept this more extreme material.

Mr. Maasen did not have a large collection of child pornography. There is no evidence that he communicated with others about child pornography.

**TEN YEARS IS SUFFICENT TO: (A) REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW AND TO PROVIDE JUST PUNISHMENT; (B) AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT; (C) TO PROTECT THE PUBLIC; AND (D) TO PROVIDE MR. MAASEN WITH MEDICAL TREATMENT**

Mr. Maasen is 65 years old. He has diabetes, neuropathy, arthritis and high blood pressure. He walks with a cane. His age, diabetes and high blood pressure put him at a higher risk to contract Covid-19. He will need geriatric care in prison as he is generally suffering from age-related deterioration compounded by his diabetes. Given Mr. Maasen's age and physical

health, he may very well not survive a ten-year prison sentence and thus, it is a significant period of time that has a greater impact on him than it would on someone younger and healthier than Mr. Maasen.  A ten-year sentence will serve to reflect the seriousness of the offense, promote respect of the law and provide just punishment.  A ten-year sentence will afford adequate deterrence both to Mr. Maasen and in general as it is a significant period of incarceration.   A ten-year sentence is sufficient in this case.

**SENTENCING DISPARITY**

A ten-year sentence will not result in unwarranted sentencing disparity among similarly situated defendants.

**CONCLUSION**

For the above stated reasons and any other that this Court finds just and proper, and in consideration of the exhibits to this Memorandum, Mr. Maasen respectfully request that this Court sentence him to 10 years in prison to be followed by a 60 month term of supervised release.

DATED: September 22, 2020          Respectfully submitted,

                                   HEATHER E. WILLIAMS
                                   Federal Defender

                                   */s/ Lexi P. Negin*
                                   LEXI P. NEGIN
                                   Assistant Federal Defender
                                   Attorney for JOHN MAASEN